IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**VICKIE FORBY, individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**ONE TECHNOLOGIES, LP, ONE TECHNOLOGIES MANAGEMENT LLC, and ONE TECHNOLOGIES CAPITAL LLP,**

**Defendants.**                               Case No. 15-0757-DRH-PMF

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Plaintiff Vickie Forby's Motion for Reconsideration of this Court's Order transferring the above captioned action to the Northern District of Texas (Doc. 32). By Order entered March 25, 2016, the Court transferred this case to the United States District Court for Northern District of Texas pursuant to 28 U.S.C. § 1404(a). The electronic docket of the United States District Court for the Northern District of Texas shows that, effective March 28, 2016, the complete file in this case had been transferred to that court. See *Forby v. One Technologies LP et al.*, No. 3:16-00856-L.

This Court has the authority to reconsider its earlier Order transferring the plaintiff's case to the Northern District of Texas. See *Robbins v. Pocket Beverage Co. Inc.*, 779 F.2d 351 (7th Cir.1985). The plaintiff has, however, not presented a legal basis for the Court to justify reconsideration of the Transfer Order.

Plaintiff Forby asserts that the Seventh Circuit's recent opinion in *Sgouros v. TransUnion Corp., et al.,* offers conflicting authority regarding different types of online user agreements. See *Sgouros v. TransUnion Corp., et al.*, No. 15-1371, 2016 WL 1169411 (7th Cir. Mar. 25, 2016). Based on the facts, plaintiff believes the recent *Sgouros* opinion warrants reconsideration of this Court's Transfer Order.

However, upon a thorough review of the *Sgouros* opinion, the Court finds that the plaintiff failed to establish grounds for reconsideration. The finding of this Court is consistent with the *Sgouros* opinion handed down by the Seventh Circuit shortly after this Court's order. Even though this Court did not rely on the reasonable communicative test used in *Sgouros*, that test is in fact satisfied in this case.

When one examines the screenshot provided by this Court in its Transfer Order and reads the text above the orange CONTINUE button, it states:

> "By clicking on the 'Continue' button below, you agree to the <u>Offer Details</u>, to the <u>Terms and Conditions</u>, acknowledge receipt of our <u>Privacy Policy</u> and agree to its terms, and confirm your authorization for *ScoreSense©* to obtain your credit profile from any consumer reporting agency for your own use, to confirm your identity to avoid fraudulent transactions in your name, and to monitor your credit for changes."

(Doc. 30, pg. 4). Below that language is a blue hyperlink to the "Terms and Conditions" section that includes the arbitration requirement. The *Sgouros* case simply finds that a website that provides a hyperlink to terms of a contract must also provide a clear prompt to the user of the site to view the hyperlink. One

Technologies' website does just that. Thus, the motion fails based on *Sgouros* and the established authority that this Court relied upon in its Transfer Order.

Accordingly, Plaintiff's Motion for Reconsideration of the Order Transferring Case to the Northern District of Texas is **DENIED** (Doc. 32). Further, the Court **DIRECTS** the Clerk to send a copy of this Order to the Northern District of Texas.

**IT IS SO ORDERED.**

Signed this 5th day of April, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.04.05 10:55:02 -05'00'

**United States District Judge**